IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CARLTON SPEER, MALENA DAVIS, and ZACHARIAH DUNCAN, On their own behalf and on behalf of All others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UCOR LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Case No. 3:22-cv-00426-TRM-JEM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S SUPPLEMENTAL MEMORANDCUM IN SUPPORT OF MOTION TO SEAL CONFIDENTIAL AND OFFICIAL USE ONLY INFORMATION**

Defendant, UCOR, LLC submits this memorandum in further support of its motion to seal. Dkt. No. 153. Consistent with the Court's Memorandum and Order Regarding Sealing Confidential Information Dkt. No. 5, Defendant submits that good cause exists to seal the following documents that Defendant produced in discovery as "Confidential" or "Official Use Only." Defendant has filed the Declaration of David Robert Hamrin in further support of its Motion to Seal.

- **Exhibit 17:** Exhibit 17 is a chart of Medical Exemption Accommodation information. Although the chart does not include individual names, it does include the employee's badge number. At UCOR, badge numbers are openly available. *See* Declaration at ¶ 4. Any employee or subcontractor could look up a current or former employee's badge number and know their identity and in turn learn that they requested an accommodation based upon a medical disability. *Id.* Protecting the personal and medical information of third parties constitutes good cause to seal court records. *See Hines v. Humana Ins. Co.,*

Case 3:22-cv-00426-TRM-JEM    Document 163    Filed 11/14/24    Page 1 of 11
PageID #: 3842

2023 WL 2079520, at *2 (S.D. Ohio Feb. 17, 2023) ("It is well established that the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.") (internal quotations and citations omitted); *Briggs v. Marriott Int'l, Inc.,* 368 F. Supp. 2d 461, 463 (D. Md. 2005), aff'd 205 Fed. App'x 183 (4th Cir. 2006) (granting motion to seal where the exhibits included the plaintiff's personal and medical information).

- **Exhibits 35-38**: These Exhibits include two Requests for Equitable Adjustment ("REAs") that UCOR submitted to the Department of Energy (DOE) and subsequent decisions on the REAs between UCOR and DOE. *See* Declaration at ¶ 5. These REAs contain detailed financial information. This information has the potential to damage governmental[1], commercial, or private interests, and therefore likely falls within an exemption to the Freedom of Information Act (FOIA); specifically, an exemption for proprietary information based on the nature of UCOR's contract with the Department of Energy (DOE). *See* 5 U.S.C. § 552(8)(b)(4). *See generally Amiri v. Nat'l Sci. Found.,* 664 F. Supp. 3d 1, 22 (D.D.C. 2021), aff'd, 2022 WL 1279740 (D.C. Cir. Apr. 28, 2022) (upholding grant of motion to seal documents exempt from disclosure under FOIA); *In re Knoxville News-Sentinel Co., Inc.,* 723 F.2d 470, 476 (6th Cir. 1983) (That financial documents would be exempt from public disclosure under FOIA supported Court's decision to refuse to issue writ of mandamus to order district court to unseal court records).

These requests concern confidential and sensitive proposed changes to the terms, including financial terms, of UCOR's contract with DOE. Declaration at ¶ 5. Disclosure

---
[1] The Court previously granted Plaintiffs' motion to seal these same documents when Plaintiffs filed the documents with their Response to Defendant's Motion for Summary Judgment. *See* Dkt. Nos. 127, 129.
.

2

Case 3:22-cv-00426-TRM-JEM    Document 163    Filed 11/14/24    Page 2 of 11
PageID #: 3843

of this information would be commercially valuable to UCOR's competitors and impair UCOR's and its successor's ability to negotiate and bid on subsequent contracts. *Id.* Even if some of the information in these documents could be deemed eligible for release under FOIA, UCOR is unaware that any such request has ever been made and the materials cannot be released under FOIA until a request is made and the materials are properly vetted by DOE. *Id.*

These documents should remain under seal. *See, e.g., U.S. v. Beckham,* 789 F.2d 401, 419 (6th Cir. 1986)("[public] records cannot be used ... as sources of business information that might harm a litigant's competitive standing"); *S&S Holdco, Inc. v. S&S Holdco Holdings, LLC,* 2020 WL 5760649, at *2 (S.D. Ohio Sept. 28, 2020) (filing under seal is justified where documents at issue contain proprietary business and financial information that, if disclosed on the public docket, would give a significant advantage to competitors of the parties and non-parties to this action).

- **Exhibit 56**: This Exhibit is an internal document that includes legal analysis that is protected from disclosure by the attorney-client privilege. *See* Declaration at ¶ 6. A claim of privilege constitutes good cause. *See Ent. USA, Inc. v. Moorehead Commc'ns, Inc.,* No. 1:12-CV-116, 2015 WL 3617126, *2 (N.D. Ind. June 9, 2015) ("Good cause may exist if the documents are sealed in order to maintain . . . privileged information (such as information covered by the attorney-client privilege)"). Defendant inadvertently produced this document and has requested that Plaintiffs remove this document from their exhibit list and return the inadvertently produced document. This document also provides information on UCOR's strategic planning process to respond to the COVID pandemic. Declaration at ¶ 6. Thus, it contains information that has the potential to

3

damage governmental, commercial, or private interests, and therefore likely falls within an exemption to the Freedom of Information Act (FOIA); specifically, an exemption for privileged information. *See* 5 U.S.C. § 552(8)(b)(5).

This internal, privileged document would be commercially valuable to UCOR's competitors as it contains information and forms a basis for UCOR's internal strategic planning process to plan for potential future infectious disease situations, including future pandemics or epidemics. Declaration at ¶ 6. Disclosure of this document could cause harm to UCOR. Good cause exists to protect sources of business information that might harm a litigant's competitive standing. *See United States ex rel. Scott v. Humana Inc.*, 2021 WL 4449277, *1 (W.D. Ky. Sept. 28, 2021); *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-CV-185, 2017 WL 3537195, *3 (S.D. Ohio Aug. 17, 2017) (sealing business documents that would give "an inside look into [the plaintiff's] business strategies" if made public); *Saint Alphonsus Med. Ctr.-Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, 2014 WL 3101716, *3 (D. Idaho July 3, 2014) (finding "compelling reasons" for sealing trial exhibits that "contain strategic and financial information concerning the parties"); *FTC v. OSF Healthcare Sys., No.,* 2012 U.S. Dist. LEXIS 48068 *13-15 (N.D. Ill. Apr. 5, 2012) (finding good cause to maintain business plans and strategies under seal).

- **Exhibit 70**: This document is an internal draft of a proposed employee communication. *See* Declaration at ¶ 7. This draft was not distributed in this form. *Id.* In addition, the first three pages of this document were drafted for distribution solely to management personnel and was designated "Business Confidential." *Id.* This document provides insight into UCOR's business management and employee relations strategies that is not generally known and would be commercially valuable to UCOR and its successors'

competitors, disclosure of which could cause harm to UCOR. *Id.* This document thus contains information that has the potential to damage governmental, commercial, or private interests, and therefore likely falls within an exemption to the Freedom of Information Act (FOIA); specifically, an exemption for proprietary information. *See* 5 U.S.C. § 552(8)(b)(4).

Courts have repeatedly found "compelling reasons" to seal information that "might harm a litigant's competitive standing." *See, e.g., Beckham,* 789 F.2d at 419 ("[public] records cannot be used ... as sources of business information that might harm a litigant's competitive standing"); *Proctor & Gamble Co.,* 2017 WL 3537195, at *3 (sealing business documents that would give "an inside look into [the plaintiff's] business strategies" if made public); *Saint Alphonsus Med. Ctr.-Nampa, Inc.,* 2014 WL 3101716, at *3 (finding "compelling reasons" for sealing trial exhibits that "contain strategic and financial information concerning the parties"); *OSF Healthcare Sys., No.,* 2012 U.S. Dist. LEXIS 48068 *13-15 (finding good cause to maintain business plans and strategies under seal).

- **Exhibit 85**: Additional good cause exists to seal Exhibit 85 beyond the reasons set forth above to seal Exhibits 35-38. Defendant is a privately held LLC. *See* Declaration at ¶ 8. Its financial information is not publicly disclosed. Defendant's supplemental interrogatory response contains information drawn from its income statements and balance sheets, specifically, its annual costs associated with operating under and closing out the UCOR/DOE contract and billed to that contract for fiscal years 2021 and 2022. *Id.* Courts have routinely found good cause to seal such sensitive financial information. *See, e.g., Boucher v. Fin. Sys. of Green Bay,* 2019 U.S. Dist. LEXIS 61026, *19-20 (E.D.

5

Case 3:22-cv-00426-TRM-JEM   Document 163   Filed 11/14/24   Page 5 of 11
PageID #: 3846

Wis. Apr. 9, 2019) (granting defendant's motion to seal its balance sheet and references to its financial condition because the information was "highly sensitive" and "constitutes a trade secret").

Defendant withdraws the following documents from its Motion to Seal: 17, 33, 34, 39, 40, 48, 49, 50, 51, 52, 53, 55, 57, 58, 59, 61, 63, 64, 65, 69, 71, 76, 83.

There will be no harm to the public interest if Defendant files the documents at issue under seal. Plaintiffs have listed these documents as potential trial exhibits. Defendant has objected to these proposed exhibits. Pursuant to the Court's amended scheduling order, Defendant is obligated to file copies of any proposed exhibits to which Defendant objects on the basis of authenticity or admissibility. Dkt. No. 139. Defendant does not seek to use these documents at trial. Defendant seeks to file the documents containing confidential information for the very limited purpose of obtaining a ruling on its objections to the use of these proposed exhibits at trial. The public will not need to view this confidential business, financial and personally identifying information to understand the events giving rise to this dispute. *See S&S Holdco, Inc.*, 2020 WL 5760649, at *3.

Because the information in the above listed Exhibits will result in injury to UCOR or various non-parties if publicly disclosed, good cause exists that these documents should be filed under seal in accordance E.D. Tenn. L.R. 26.2, Rule 12.2 of the Electronic Case Filing Rules and Procedures, and Dkt. No. 5.

Respectfully submitted,

*/s/ Luci L. Nelson*
William S. Rutchow, TN #17183
Darius Walker, Jr., TN #035408
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615-254-1900
Facsimile: 615-254-1908

Luci L. Nelson, TN #36354
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
The Ogletree Building
300 North Main Street
Greenville, SC 29601
Telephone: 864-271-1300
luci.nelson@ogletree.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of November 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Jesse D. Nelson
Clint J. Coleman
NELSON LAW GROUP, PLLC
10263 Kingston Pike
Knoxville, TN 37922
(865) 383-1053
jesse@nlgattorneys.com
clint@nlgattorneys.com

                                                                         */s/ Luci L. Nelson*

## DECLARATION OF DAVID ROBERT HAMRIN

Comes now the Declarant, David Robert Hamrin, having been duly sworn deposes and says:

1) My name is David Robert Hamrin. I am over the age of 21 and competent to make this declaration, which is based on my personal knowledge.

2) I submit this declaration in support of UCOR, LLC's Motion to Seal.

3) I am Document Reviewer in UCOR's Classification and Information Control Office. I have reviewed the documents at issue in UCOR's Motion to Seal, including the documents marked as Plaintiffs' Exhibits 14, 35-38, 56, 70, and 85. I can attest that they contain personal medical information, privileged and/or predecisional information, and commercially sensitive business information, the disclosure of which would cause harm to UCOR.

4) **Exhibit 17** is a chart of Medical Exemption Accommodation information. Although the chart does not include individual names, it does include the employee's badge number. At UCOR, badge numbers are openly available. Any employee or subcontractor could look up a current or former employee's badge number and know their identity and in turn learn that they requested an accommodation based upon a medical disability. Protecting the personal and medical information of third parties constitutes good cause to seal court records, and is also likely exempt from disclosure under the Freedom of Information Act (FOIA). *See* 5 U.S.C. § 552(8)(b)(6); *see also Hines v. Humana Ins. Co.,* 2023 WL 2079520, at *2 (S.D. Ohio Feb. 17, 2023("It is well established that the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.") (internal quotations and citations omitted); *Briggs v. Marriott Int'l, Inc.,* 368 F. Supp. 2d 461, 463

1

2)

(D. Md. 2005), aff'd 205 Fed. App'x 183 (4th Cir. 2006) (granting motion to seal where the exhibits included the plaintiff's personal and medical information).

5) **Exhibits 35-38 and 85** contain information that has the potential to damage governmental, commercial, or private interests, and therefore likely falls within an exemption to the Freedom of Information Act (FOIA); specifically, an exemption for proprietary information based on the nature of UCOR's contract with the Department of Energy (DOE). *See* 5 U.S.C. § 552(8)(b)(4). These documents contain UCOR's Requests for Equitable Adjustment and subsequent decisions on the same between UCOR and DOE. These requests concern confidential and sensitive proposed changes to the terms of UCOR's contract with DOE. Disclosure of this information would be commercially valuable to UCOR's competitors and impair UCOR's and its successor's ability to negotiate and bid on subsequent contracts. Even if some of the information in these documents could be deemed eligible for release under the Freedom of Information Act (FOIA), which is unlikely, UCOR is unaware that any such request has ever been made and the materials cannot be released under FOIA until a request is made and the materials are properly vetted by DOE.

6) **Exhibit 56** is an Executive Summary of UCOR's COVID-19 Vaccine Deployment Plan. This document contains legal advice from UCOR's in-house attorneys. It also provides information on UCOR's strategic planning process to respond to the COVID pandemic. Thus, it contains information that has the potential to damage governmental, commercial, or private interests, and therefore likely falls within an exemption to the Freedom of Information Act (FOIA); specifically, an exemption for privileged information. See 5 U.S.C. § 552(8)(b)(5). This internal, privileged document would be commercially valuable

2

to UCOR's competitors as it contains information and forms a basis for UCOR's internal strategic planning process for future infectious disease situations, including future pandemics or epidemics disclosure of which could cause harm to UCOR.

7) **Exhibit 70:** This document is an internal draft of a proposed employee communication. This draft was not distributed in this form. In addition, the first three pages of this document were drafted for distribution solely to management personnel and was designated "Business Confidential." This document provides insight into UCOR's business management and employee relations strategies that is not generally known and would be commercially valuable to UCOR and its successors' competitors, disclosure of which could cause harm to UCOR. This document thus contains information that has the potential to damage governmental, commercial, or private interests, and therefore likely falls within an exemption to the Freedom of Information Act (FOIA); specifically, an exemption for proprietary information. See 5 U.S.C. § 552(8)(b)(4).

8) **Exhibit 85** contains information on UCOR's operating costs. UCOR is not publicly traded. Disclosure of this information, even historical financial information, would be commercially valuable to UCOR's competitors and impair UCOR's and its successor's ability to negotiate and bid on subsequent contracts.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of November 2024.

*David Robert Hamrin*
[Name]

3

2) 86615728.v1-OGLETREE